IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALLEN D. BIBBS,                             )
                                            )
        Petitioner,                         )
                                            )
        v.                                  )        CIVIL ACTION NO.:1:12cv141-WHA
                                            )                    [WO]
TONY PATTERSON, et al.,                     )
                                            )
        Respondents.                        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

Petitioner Allen D. Bibbs ("Petitioner") filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on February 15, 2012.  Petitioner challenges his conviction for first-degree kidnaping and second-degree domestic violence entered against him by the Circuit Court for Houston County, Alabama.

Petitioner was tried, convicted, and sentenced on August 12, 2009, to life in prison on the kidnaping charge, plus twenty-five years for the domestic violence charge.  *Doc. No. 10-1, Ex. A,* at 31-34.  Six days later he filed a notice of appeal, request for counsel, and motion for new trial.  *Id.* at 35-38.  New counsel was appointed to represent Petitioner on appeal.  *Id.* at 39-40.  On October 2, 2009, the trial court denied Petitioner's motion for a new trial.  *Id.* at 52.

Petitioner presented the following issue on appeal:  "Whether the trial court erred in admitting evidence of prior crimes and bad acts of the appellant."  *Doc. No. 10-6, Ex. B,* at

6.  Petitioner argued that statements referring to his prior prison stay and his prior acts of domestic abuse should have been excluded, and that state law permitting them should have been overruled.  *Id.* at 30-31.  The Alabama Court of Criminal Appeals determined that Petitioner's claim entitled him to no relief, and it affirmed his conviction and sentence on January 22, 2010.  *Doc. No. 10-8, Ex. D.*  The Court pointed out that Petitioner did not challenge the sufficiency of the evidence against him.  *Id.* at 2.  It ruled that Petitioner never asked for a mistrial on the issue, thus he failed to preserve the issue for appeal.  *Id.* at 5. It further stated that the trial court sustained Petitioner's objections to the evidence, immediately giving a curative instruction to the jury regarding use of prior bad acts or convictions, and Petitioner provided no basis to overrule the well-established precedent regarding curative instructions.  *Id.* at 5.  Finally, the court stated that Petitioner failed to preserve a claim that the State did not provide adequate notice of its intent to offer evidence of his prior convictions.  *Id.* at 5-6.

Petitioner sought rehearing, and the Court of Criminal Appeals denied Petitioner's application for rehearing on February 19, 2010.  *Doc. No. 10-9, Ex. E*; *Doc. No. 10-10, Ex. F.* Petitioner sought further review before the Supreme Court of Alabama, and on April 9, 2010, the Alabama Supreme Court denied the petition for writ of certiorari and issued a certificate of judgment.  *Doc. Nos. 10-11, Ex. G; Doc. No. 10-12, Ex. H.*

Petitioner filed a post-conviction Rule 32 petition on January 29, 2011.  *Doc. No. 10-13, Ex. I,* at 25.  Petitioner argued that he was denied effective assistance of counsel at trial

and on direct appeal, in violation of the Sixth Amendment. *Id.* at 11, 15-24. In particular,

Petitioner argued his trial attorney:

1.      Failed to argue or move to dismiss the venire on grounds that it did not represent a fair cross-section of the community as required by the United States and Alabama Constitutions. Petitioner claimed that counsel should have argued that only three of the thirty-five potential jurors were African American and there were no African Americans on his petit jury, even though African Americans make up between twenty to thirty percent of Houston County; and counsel should have argued that the method of selecting jurors by using driver's licenses was subject to abuse because it excludes African Americans solely based on their lack of a driver's license;

2.      Failed to object when the trial court granted the State's challenge for cause regarding a juror who said she did not think Petitioner would be responsible if he were consuming alcohol; in addition Petitioner alleges the juror was African American, and counsel allowed the State to eliminate the juror based on her race without using a peremptory strike;

3.      Failed to move to suppress statements Petitioner made during his arrest on grounds that no warnings under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), were given, Petitioner was intoxicated, and officers had no arrest warrant for Petitioner;

4.      Failed to request a mistrial after the State introduced evidence of prior crimes and bad acts;

5.      Failed to request instructions on voluntary intoxication and lesser-included offenses of second-degree kidnaping, unlawful imprisonment, and second-degree domestic violence; and

6.      Failed to object to admission of State's Exhibit 18, a kitchen knife.

*Doc. No. 10-13*, at 15-21.

In addition, Petitioner argued his appellate counsel provided constitutionally

ineffective assistance because counsel:

7.     Failed to raise on direct appeal a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), that the State impermissibly used its peremptory strikes to remove African Americans from the jury; and

8.     Failed to raise on direct appeal a claim that the trial court should have granted Petitioner's motion for judgment of acquittal at the conclusion of the State's case.

*Doc. No. 10-13*, at 21-25.   The Circuit Court summarily dismissed the Rule 32 petition without a response from the State on March 11, 2011.  *Id.* at 31-32.  Petitioner's motion to reconsider was denied.  *Id.* at 35-36.

Petitioner appealed the summary dismissal.  *Id.* at 37-39.  On appeal, Petitioner argued the same issues he raised in his Rule 32 petition. *Doc. No. 10-14, Ex. J.*  The Alabama Court of Criminal Appeals affirmed the dismissal and denied Petitioner's request for rehearing. *Doc. No. 10-16, Ex. L; Doc. No. 10-17, Ex. M; Doc. No. 10-18, Ex N.*  Petitioner sought a petition for writ of certiorari with the Alabama Supreme Court raising all his previous claims. *Doc. No. 10-19, Ex. O.*  The Alabama Supreme Court denied the petition for writ of certiorari and issued a certificate of judgment on December 9, 2011.  *Doc. No. 10-20, Ex. P.*  This timely federal habeas petition followed.

## II.  HABEAS PETITION

Petitioner seeks federal habeas relief based on the claim he raised on direct appeal as well as the eight claims he pursued in his Rule 32 proceedings, and he seeks an evidentiary hearing before the Court.  *Doc. Nos. 1, 1-1.*

Respondents filed an answer to Petitioner's habeas petition in accordance with the

provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, arguing the petition is due to be denied.  *Doc. No. 10.*  Specifically, Respondents argue Petitioner procedurally defaulted without excuse the claim he raised on direct appeal. Respondents further argue that Petitioner's remaining eight claims of ineffective assistance of counsel do not warrant relief under the federal habeas statute, 28 U.S.C. § 2254(d), because the state court rulings are not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, and the decisions were not the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Doc. No. 10*; *see* 28 U.S.C. § 2254(d).

This Court entered an order advising Petitioner that a procedural default bars consideration of the merits of a claim unless a Petitioner demonstrates cause for the default and actual prejudice resulting from the alleged violation, or unless a Petitioner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice, that is, a constitutional violation probably resulted in the conviction of someone who is actually innocent. *Doc. No. 11* at 2-3 (citations omitted).  This Court further advised Petitioner of the constraints that 28 U.S.C. § 2254(d)(1) places on the power of a federal court to grant relief. *Id.*  The Court granted Petitioner an opportunity to file a reply to Respondents' answer. Petitioner filed a reply.  *Doc. No. 16.*

After reviewing the § 2254 petition, Respondents' answer, Petitioner's reply, the state court record, and applicable federal law, the court concludes that no evidentiary hearing is

required, and the petition is due to be denied in accordance with the provisions of Rule 8(a),

*Rules Governing Section 2254 Cases in United States District Courts.*

### III. CLAIMS PROPERLY BEFORE THE COURT

Petitioner raises eight claims that his counsel in state court provided constitutionally

ineffective assistance. Respondent agrees that these issues are properly before the Court, but

argues they lack merit. The court agrees.

### A. Standard of Review

This federal court may consider a petition "for a writ of habeas corpus in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). Consequently, this Court has authority to grant habeas relief for errors of federal

constitutional law only, not state law. *Id.*; *see also Ferguson v. Sec'y, Dep't. Corr.,* 580 F.3d

1183, 1211-12 (11th Cir. 2009) (claims involving solely state law issues could not serve as

the basis for a federal habeas claim).

For claims properly before a federal court, a writ of habeas corpus shall be granted

only if the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Congress, through passage of AEDPA in 1996, "modified a federal

habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The United States Supreme Court has held that a state court decision is "contrary to" federal law "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Id.* at 694 (citing *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000)). Under the "unreasonable application" standard, this Court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams*, 529 U.S. at 411-13 (O'Connor, J., delivering the opinion of the Court with respect to Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See id.* at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The Court of Appeals for the Eleventh Circuit has held, "[c]learly established federal law is *not* the law of the lower federal courts, including this Court. Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'" *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis in original, quoting

*Williams*, 529 U.S. at 412).  The reviewing court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."  *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 786 (2011).  "In order to merit AEDPA deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each aspect of the petitioner's argument."  *Smith v. Sec'y, Dep't. of Corr.*, 572 F.3d 1327, 1333 (11th Cir. 2009).  All that is required under § 2254(d)(1) [for deference to the decision of the state court] is an adjudication on the merits, not a full state court opinion."  *Parker v. Sec'y, Dep't. of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003).

Federal habeas courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Habeas relief is granted sparingly, reserved for "'extreme malfunctions in the state criminal justice systems'" and "not as a means of error correction."  *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington*, 131 S. Ct. at 786, and further quotation marks

omitted).  "The usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings . . . demands that state-court decisions be given the benefit of the doubt.'"  *Allen v. Sec'y, Florida Dep't. of Corr.*, 611 F.3d 740, 748 (11th Cir. 2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted)).  As the Supreme Court has reminded courts, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. . . . [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther."  *Harrington*, 131 S. Ct. at 786.  Within this disciplined framework, the court addresses Petitioner's claims that are properly before the Court.

## B.  Ineffective Assistance of Counsel

To demonstrate a claim of ineffective assistance, Petitioner must show that counsel performed "below an objective standard of reasonableness," and that Petitioner was prejudiced by the deficiency.  *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id.* at 688.  To establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  There is a strong presumption that counsel's performance was reasonable, and great deference is shown to

choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Because the state courts ruled on the merits of Petitioner's ineffective assistance of counsel claims, this federal court's section 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*,  134 S. Ct. 10, 13 (2013) (quotation marks and citation omitted); *Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

### 1. Venire

Petitioner argues that his trial counsel failed to argue or move to dismiss the venire on grounds that it did not represent a fair cross-section of the community. Petitioner claims counsel should have argued that only three of the thirty-five potential jurors were African American and there were no African Americans on his petit jury, even though African Americans make up between twenty-five to thirty-five percent of Houston County; and counsel should have argued that the method of selecting juror by using driver's licenses was

subject to abuse because it excludes African Americans solely based on their lack of a driver's license.

The Alabama Court of Criminal Appeals ruled that if counsel had raised the argument on appeal, it would not have prevailed because "random selection from a list of licensed drivers has been held to be an acceptable manner in which to a select a jury." *Doc. 10-16*, at 4 (citing *McGowan v. State*, 990 So.2d 931, 991 (Ala. Crim. App. 2003)). Consequently, it held Petitioner's counsel was not ineffective in failing to raise a meritless argument. *Id.*

The Sixth Amendment, applicable to the States through the Fourteenth Amendment, ensures that the jury pool from which criminal grand and petit juries are selected represent a "fair cross-section" of the community. *Taylor v. Louisiana*, 419 U.S. 522, 527-31 (1975); *see also* Ala. Code § 12-16-55 (selection of jurors). Petitioner argues that he establishes a prima facie violation of the fair cross-section requirement, which requires that he show (1) a group qualifying as "distinctive" (2) is not fairly and reasonably represented in the jury venire, and (3) "systematic exclusion" in the jury selection process accounts for the under-representation. *Doc. No.* 1-1, at 2; *see Duren v. Missouri*, 439 U.S. 357, 364 (1979). Petitioner fails, however, to establish that the alleged under-representation of African Americans on his venire was due to systematic exclusion of this group in the number of driver licences issued. Consequently, he does not meet his burden of establishing that his counsel's performance was deficient for failing to raise the issue or that he was actually prejudiced by the inadequate performance, *see Strickland*, 466 U.S. at 688, 694. Petitioner

11

thus fails to establish that the decision of the Alabama state court was an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), or that the state courts rendered a decision that was contrary to, or an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to habeas relief based on this claim.

### 2. Juror Challenge for Cause

Petitioner argues that his trial counsel failed to object when the trial court granted the State's challenge for cause regarding a juror who told the prosecutor that she did not think Petitioner would be responsible if he was consuming alcohol.  In addition, Petitioner alleges the juror was African American, and counsel allowed the State to eliminate the juror based on her race without using a peremptory strike.

The Alabama Court of Criminal Appeals adopted the trial court's decision that "the challenge for cause was properly granted because mere consumption of alcohol is insufficient to justify the commission of a crime," and the juror showed an "inability to follow the law." *Doc. No. 10-16*, at 5 (quotation marks and citation omitted).  The court pointed out that although the colloquy between the juror and the prosecutor was not recorded, Petitioner did not maintain that the prosecutor's assertion was false or incorrect. *Id.*  Accordingly, it held "trial counsel was not ineffective by failing to object," and it further held Petitioner "did not allege any facts that, if true, would establish a reasonable probability that, had counsel objected, the outcome of the trial would have been different."  *Id.* (quotation marks and

citation omitted).

The state court's findings of fact regarding the exchange between the prosecutor and the juror are presumed correct, and Petitioner does not dispute them. *See* 28 U.S.C. § 2254(e)(1) (rebut "the presumption of correctness by clear and convincing evidence"). As for the legal issues, a defendant has a right to an impartial jury, and a prospective juror who lacks impartiality must be excused for cause. *See Ross v. Oklahoma*, 487 U.S. 81, 85-86 (1988). The burden is on the challenger to show the prospective juror has actual bias that raises the presumption of partiality. *Irvin v. Dowd*, 366 U.S. 717, 723 (1961). Petitioner does not dispute that merely consuming alcohol is insufficient to justify commission of a crime in Alabama, and thus the juror was properly struck. He has failed to show that had counsel pursued the legal issue he now raises the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, the court finds that the decision of the Alabama state court was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state court was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to habeas relief based on this claim.

### 3. Statements to Police

Petitioner argues that his trial counsel failed to move to suppress statements Petitioner made during his arrest on grounds that no *Miranda*[1] warnings were given, Petitioner was

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

intoxicated, and officers had no arrest warrant for Petitioner.

The Alabama Court of Criminal Appeals ruled that during his arrest, Petitioner "was instructed to lie on the ground, and the police asked if he was 'ok.'" *Doc. No. 10-16,* at 6. Petitioner responded he ". . . had an incident with [his] wife last night." *Id.* (quotation marks omitted). The court acknowledged that *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), provides procedural safeguards "to persons subjected to custodial interrogation." *Doc. No. 10-16* at 6 (quotation marks and citation omitted). The court properly observed that *Miranda* does not apply, however, to statements that a defendant spontaneously volunteers, whether before or after the defendant receives *Miranda* warnings. *Id.* (citations omitted). The court held "the record clearly establishes that Bibbs's statement was made voluntarily and was not pursuant to an interrogation. Because counsel cannot be held to be ineffective for failing to pursue a meritless defense, the circuit court did not err in dismissing this claim." *Id.* at 8 (citation and footnote omitted).

Petitioner does not suggest the state court's findings of fact regarding the incident are incorrect, and he has not met his burden of rebutting the presumption of their correctness "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With regard to the state court's legal determination that counsel was not ineffective in failing to pursue a meritless *Miranda* claim because *Miranda* did not apply to Petitioner's voluntary statements, Petitioner has not shown the decision was contrary to, or an unreasonable application of, clearly established law by the United States Supreme Court, or that it was based on an unreasonable determination

14

of the facts in light of the evidence.  *See* 28 U.S.C. § 2254(d); *Strickland*, 466 U.S. at 688,

694; *see also Rhode Island v. Innis*, 446 U.S. 291, 299 (1980) ("'Any statement given freely

and voluntarily without any compelling influences is, of course, admissible in evidence.'")

(quoting *Miranda*, 384 U.S. at 478).

The state court also rejected the suggestion that counsel should have moved to

suppress the statement because Petitioner was intoxicated.  In Alabama, "intoxication, short

of mania or such impairment of the will and mind as to make an individual unconscious of

the meaning of his words, will not render a statement or confession inadmissible." *Doc. No.*

*10-16*, at 8 n.3 (citing *Brownfield v. State*, 44 So.3d 1, 12 (Ala. Crim. App. 2007)).  "Here,"

the court held, "the record is devoid of any evidence [Petitioner] was too drunk to make a

voluntary statement.  At trial, Petitioner stated he had only four beers the night he assaulted

his wife.  Again, because counsel cannot be held to be ineffective for failing to pursue a

meritless defense, the circuit court did not err in dismissing this claim." *Doc. No. 10-16*, at

8-9 n.3 (citations omitted).  Petitioner does not challenge the presumed correctness of the

state court's factual findings; and he has not shown the decision was contrary to, or an

unreasonable application of, clearly established law by the United States Supreme Court, or

based on an unreasonable determination of the facts in light of the evidence presented.  *See*

28 U.S.C. § 2254(d)(1) & (2); *Strickland*, 466 U.S. at 688, 694.  Finally, Petitioner argues

that counsel should have challenged the arrest as warrantless, but he makes no argument

beyond his conclusory comment, and his argument provides no basis for habeas relief.[2] Petitioner is not entitled to habeas relief based on his statements to police.

### 4.  Mistrial Regarding Prior Bad Acts

Petitioner argues that his trial counsel failed to request a mistrial after the State introduced evidence of prior crimes and bad acts.  Plaintiff states the statements pertained to him serving time in prison or jail, being charged with receiving stolen property, and "prior crimes, bad acts and wrongs."  *Doc. No. 1-1*, at 4

Petitioner's victim, who was married to Petitioner, testified at trial that she met Petitioner when he was on work release, "through him being already locked up,"  and that they lived "on and off" in Scottsboro because "he stayed in and out of prison."  *Doc. No. 10-8*, at 3 (quotation marks omitted).  Petitioner's counsel immediately objected to the statement, the trial court sustained the objection, and the trial court instructed the jury that "[i]t's wrong to convict somebody simply because they've been arrested before or they've been incarcerated before for something completely unrelated.  Everybody understands that? Right? Okay. Sustained."  *Id.* at 3-4.  Later on, the prosecutor asked the victim if she had staged the crime scene or changed her story, and her response included the statement, "this is not the first time I've been abused by him."  *Id.* at 4.  Counsel again objected, and the trial court sustained the objection.  *Id.* at 4.   At the close of the evidence, the trial court also gave a cautionary instruction regarding use of prior bad acts or convictions.  *Id.* at 4-5.

---

[2]  *See e.g., Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (Illegality of a person's obtention ordinarily not basis to defeat court's jurisdiction.)

Petitioner challenged admission of the prior bad acts evidence on direct appeal, and the Alabama Court of Criminal Appeals ruled that Petitioner failed to preserve his challenge to the evidence by moving for a mistrial. *Id.* at 5. The court went on to state that Petitioner conceded "the trial court immediately gave a curative instruction to the jury to disregard the first instance, and further gave a cautionary instruction at the close of the evidence. [Petitioner] has provided this Court with no reasons to overrule the well-established precedent regarding curative instructions in this case." *Id.* at 5. In postconviction proceedings, Petitioner challenged counsel's failure to move for a mistrial. The Alabama Court of Criminal Appeals rejected Petitioner's ineffective assistance of counsel argument because "the circuit court's curative instructions eradicated any prejudice resulting from the attempted introduction of prior bad act evidence." *Doc. No. 10-16*, at 9.

A jury is presumed to follow the instructions given to it, *Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and the facts in this case do not create a question about whether Petitioner's jury followed the instructions, or whether Petitioner suffered any harm as the result of counsel's failure to seek a mistrial[3] and pursue the prior bad acts claim on appeal. *See Strickland*, 466 U.S. at 688, 694. Accordingly, the court determines that the decision of the

---

[3] Even if the evidentiary claim was before this court as an independent claim under § 2254, this court as a general rule "will not review the trial court's action's in the admission of evidence." *Osborne v. Wainwright*, 720 F.2d 1237, 1238 (11th Cir. 1983) (citing *Lisena v. California*, 314 U.S. 219, 228 (1941)). Instead, "the federal court will make inquiry only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial." *Id.* (quotation marks and citations omitted). Admission of the evidence under the circumstances of Petitioner's case did not constitute a fundamental defect that resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of a fair trial.

Alabama state court was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state court decision is neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  Petitioner is not entitled to habeas relief based on this claim.

### 5.  Jury Instructions

Petitioner argues that his trial counsel failed to request instructions on voluntary intoxication and lesser-included offenses of second-degree kidnaping, unlawful imprisonment, and second-degree domestic violence.

The Alabama Court of Criminal Appeals held "[i]t is well settled that a circuit court should not charge the jury with respect to a lesser-included offense unless there is a rational basis for the verdict convicting the defendant of the included offense."  *Doc. No. 10-16*, at 9 (citing *Mitchell v. State*, 84 So.3d 968 (Ala. Crim. App. 2010) (further citations omitted)). The court held, "[b]ecause there was no evidence presented at trial to support a lesser-included offense and because trial counsel cannot be held to be ineffective for failing to raise a meritless defense, the circuit court did not err in dismissing this claim."  *Doc. No. 10-16*, at 10.

The state court's factual findings regarding the evidence are presumed correct, and Petitioner makes no showing to rebut the presumption.  *See* 28 U.S.C. § 2254(e).  Petitioner fails to show he was entitled to the lesser-included instructions or a reasonable probability that if counsel had requested the lesser-included instructions the outcome of the proceeding

would have been different.  *See Strickland*, 466 U.S. at 688, 694; *see also Sabillo v. Sec'y, Dep't of Corr.*, 355 F. App'x 346, 349 (11th Cir. 2009) (state courts are final arbiters of state law, "the Supreme Court has never addressed whether the Due Process Clause would require the giving of [lesser-included] instructions in a noncapital case," and the state court is entitled to deference on its evidentiary decisions) (quotation marks and citations omitted).  Consequently, this Court determines that the decision of the Alabama state court was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  Petitioner is not entitled to habeas relief based on this claim.

### 6.  Admission of Knife

Petitioner argues that his trial counsel failed to object to the admission of State's Exhibit 18, a kitchen knife that was found in the woods after he was arrested.

The Alabama Court of Criminal Appeals explained the general evidentiary rule in Alabama "is that articles which are properly identified and which tend to show the commission of the crime or the manner in which it was committed or elucidate some matter in issue are admissible into evidence for inspection and observation by the jury." *Doc. No. 10-16*, at 10 (citing *Dotch v. State*, 67 So.3d 936, 968 (Ala. Crim. App. 2010)).  The court held:

> Corporal John Crawford testified that the knife was found close to the house
> and matched the description Bibbs's wife gave of the knife Bibbs used in the

commission of the crimes.  Based on the foregoing, it is clear there was no basis for an objection to the introduction of the knife into evidence.  Because trial counsel cannot be held to be ineffective for failing to raise a meritless defense, the circuit court did not err in dismissing this claim.  Rule 32.7(d), Ala. Crim. P.; *Hall v. State*, 979 So.2d 125, 150 (Ala. Crim. App. 2007).

*Doc. No. 10-16*, at 10.

Petitioner does not question the state court's factual findings regarding where the knife was found, its connection to the crime, or Corporal Crawford's testimony, and the findings are presumed correct.  28 U.S.C. § 2254(e)(1).  The evidence was admissible under Alabama law, and there is not a reasonable probability that counsel's failure to challenge the evidence affected the outcome of the case.  *See Strickland*, 466 U.S. at 688, 694; *Sabillo*, 355 F. App'x at 349.  The state court decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, and it was not an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1) & (2).  Petitioner is not entitled to habeas relief on this claim.

### 7. *Batson* Challenges

Petitioner argues that his appellate counsel failed to raise on direct appeal a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), that the State impermissibly used its peremptory strikes to remove two African Americans from the jury.

A *Batson* challenge has three steps: (1) if the defendant makes a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race, (2) then the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question,

and (3) the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. *Rice v. Collins*, 546 U.S. 333, 338 (2006) (quotation marks and citations omitted).   The crucial third step requires evaluation of the "persuasiveness of the justification proffered by the prosecutor," with the ultimate burden of persuasion regarding racial motivation resting at all times with the opponent of the strike. *Id.* at 338 (citation omitted); *see also Purkett v. Elem*, 514 U.S. 765, 767 (1995) ("If a race-neutral explanation is tendered, the trial court must then decide (step three) whether the opponent of the strike has proved purposeful discrimination."). "The credibility of the prosecution's explanation is to be evaluated considering the totality of the relevant facts, including whether members of a race were disproportionately excluded." *Parker v. Allen*, 565 F.3d 1258, 1271 (11th Cir. 2009) (citation omitted).

The prosecutor in Petitioner's case used a peremptory strike to remove one African American juror who visited a relative in jail and served on a prior jury that acquitted a defendant. *Doc. No. 10-16*, at 11.   Following Alabama precedent, the Court of Criminal Appeals ruled that such reasons were race-neutral reasons that justified the strike, and they were supported by the record. *Doc. No. 10-16*, at 11 (citing *Sanders v. State*, 623 So.2d 428, 432 (Ala. Crim. App. 1993) ("Because this offense involved an inmate in a county jail, we cannot hold that striking potential jurors because they had visited friends or relatives in jail and may be more sympathetic to the appellant is not race-neutral reason."), and (quoting *Lewis v. State*, 24 So.3d 480, 501 (Ala. Crim. App. 2006) ("This Court has long held that the

removal of an African-American veniremember based on prior jury service that resulted in an acquittal is a race-neutral reason.")); *see also United States v. Mickens*, 408 F. App'x 253, 256 (11th Cir. 2011) (visiting relative in jail is permissible gender-neutral reason for strike under *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 146 (1994) (extending *Batson* to gender-conscious challenges)).  Based on the facts and circumstances of Petitioner's case, the state court's decision was proper under *Batson*, and the decision that Petitioner failed to satisfy *Strickland* is not a contrary to, or an unreasonable application of clearly established Supreme Court law, and it was not an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1) & (2); *Strickland*, 466 U.S. at 684, 697.

The prosecutor removed the other African American juror for working at a local inpatient substance abuse treatment center.  The trial court held, "[b]ased on the evidence of alcohol use and abuse by the Defendant, this strike was clearly race neutral.  The Defendant has failed to allege that . . . his *Batson* claims would have been meritorious on appeal or that the outcome could have been different if presented to the appellate court."  *Doc. No. 10-16*, at 11 (quoting the circuit court).  The Court of Criminal Appeals held that the circuit court's findings were supported by the record and case law. Petitioner does not challenge the underlying state court factual determinations, and they are presumed correct.  28 U.S.C. § 2254(e)(1).  The state court reasonably determined that the prosecutor gave sufficiently race-neutral reasons for the State's peremptory strikes.  Petitioner failed to offer evidence or argument suggesting that those reasons were pretextual.  Thus, the state courts reasonably

ruled there was no underlying *Batson* error as to the jurors.[4]   Appellate counsel was not

ineffective in failing to pursue the *Batson* claims.   The state court decision that counsel did

not provide constitutionally ineffective assistance was not contrary to actual Supreme Court

decisions.   Petitioner points to no Supreme Court case involving facts materially

indistinguishable from those in his case but reaching a different result, therefore the decision

was not "an unreasonable application of clearly established Federal law, as determined by

the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams*, 529 U.S. at

411-13.  In addition, the decision was not an unreasonable determination of the facts in light

of the evidence presented in state court.  28 U.S.C. § 2254(d)(2).  Petitioner is not entitled

to habeas relief on either of his *Batson* claims.

### 8.  Motion for Judgment of Acquittal

Petitioner argues that his appellate counsel failed to raise on direct appeal a claim that

the trial court should have granted Petitioner's motion for judgment of acquittal at the

conclusion of the State's case.

The Alabama Court of Criminal Appeals held that Petitioner failed to plead the full

factual basis of his claim that counsel should have challenged the sufficiency of the evidence

---

[4]  *Batson*, itself, emphasized that trial courts are entitled to great deference in making credibility determinations. *Batson*, 476 U.S. at 98 n.21.  The Alabama Court of Criminal Appeals did not cite to *Batson* decisions about jurors who work at substance abuse centers.  Nevertheless, in the context of an independent *Batson* claim brought under § 2254, the United States Supreme Court held that applying § 2254(d)(2), which is even more deferential than the standard on direct review, a California state court decision approving removal of a social worker was not plainly unreasonable under *Batson*.  *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *see also Rice*, 546 U.S. at 338 (review of independent *Batson* claim in federal habeas is whether the decision was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2)).

on direct appeal. *Doc. No. 10-16*, at 11-12.  The state court pointed out that Petitioner's argument was "his bare allegation that the State failed to prove he had the intent to terrorize his wife and that there was no evidence she suffered any injury or he intended to harm her. *Doc. No. 10-16*, at 12 (citing Petitioner's brief).  It held, "[b]ecause Bibbs failed to plead the full factual basis for his claim that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal, the circuit court properly dismissed this claim.  Rules 32.6(b); 32.7(d), Ala. R. Crim. P. [;] *Boyd v. State*, 913 So.2d 1113, 1125 (Ala. Crim. App. 2003)." *Doc. No. 10-16*, at 12 (alteration added).

On direct appeal, the Alabama Court of Criminal Appeals recited the following evidence regarding Petitioner's convictions:

> The State presented evidence indicating that on the night of January 8, 2009, Bibbs and his wife, Katina, got into an argument at their home. Katina testified that she attempted to leave, that Bibbs stabbed her with a knife and then bound her wrists and ankles with tape. She stated that he threatened to put a sock in her mouth if she did not stay quiet, and that he threatened to place her in the trunk of the automobile. Katina further testified that she managed to free herself when Bibbs went outside to the automobile, and ran to a neighbor's house and had the neighbor telephone the police. Law enforcement officers testified at trial as to their observations of adhesive on Katina's wrists and ankles, and blood in the bedroom of the residence. Bibbs was discovered the following day in the woods near the residence, and a knife was found also near the residence. Bibbs denied the allegations and asserted that Katina staged the scene to frame him.

*Doc. No. 10-8*, at 2.  Petitioner does not explain how the evidence presented at trial does not show he intended to terrorize, harm, or to assault his victim, or that she did not suffer a serious injury.  Put another way, Petitioner has failed to show that based on these facts, no

rational juror could have found the essential elements of these crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The state court's ruling that Petitioner failed to provide sufficient factual support for his ineffective assistance of counsel claim was not contrary to, or an unreasonable determination of, clearly established United States Supreme Court precedent, and it was not an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2); *Strickland*, 466 U.S. at 688, 694. Petitioner is not entitled to habeas relief on his claim regarding appellate counsel's failure to challenge the sufficiency of the evidence.

### C. No Evidentiary Hearing Is Needed

Petitioner requests an evidentiary hearing. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). The Court is not required hold an evidentiary hearing on Petitioner's ineffective assistance claims that are properly before the Court because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

### IV. PROCEDURAL DEFAULT

Respondents assert that Petitioner procedurally defaulted without excuse the claim he raised on direct appeal, that is, his claim that the trial court erred in failing to grant a mistrial after the jury heard evidence of Petitioner's prior bad acts. The Court agrees.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir.1992).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989).

Here, Petitioner presented his claim regarding the trial court's alleged error through the full round of direct appellate review before the Alabama state courts. The state courts ruled, however, that Petitioner's claim on direct appeal was not preserved properly under Alabama state procedural rules. *Doc. No. 10-8*, at 5-6 (citing *Ex parte Couliette*, 857 So.2d 793, 794-95 (Ala. 2003)). This Court must respect the Alabama decision as an adequate and independent state law ground precluding federal review. *See Coleman*, 501 U.S. at 729.

This court can reach the merits of procedurally defaulted claims "only in two narrow

circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim

if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.

*See Murray v. Carrier,* 477 U.S. 478, 485 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87

[(1977)]. . . . Second, a federal court may also grant a habeas petition on a procedurally

defaulted claim, without a showing of cause or prejudice, to correct a fundamental

miscarriage of justice.  *Murray*, 477 U.S. at 495-96.  A 'fundamental miscarriage of justice'

occurs in an extraordinary case, where a constitutional violation has resulted in the

conviction of someone who is actually innocent.  *Id*."  *Henderson v. Campbell*, 353 F.3d 880,

892 (11th Cir. 2003).

### A. Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that
> some objective factor external to the defense impeded the effort to raise the
> claim properly in the state court."  *Wright v. Hopper,* 169 F.3d 695, 703 (11th
> Cir. 1999).  To establish "prejudice," a petitioner must show that there is at
> least a reasonable probability that the result of the proceeding would have been
> different.  *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

This court afforded Petitioner an opportunity to demonstrate the existence of cause

for his failure to raise his defaulted claim in the state courts properly and prejudice resulting

from this failure.  Petitioner responded that he "sufficiently alerted the trial court to the basis

of his constitutional claim.  The Trial Court should have granted a mistrial based on the

cumulative affects [sic] of the comments concerning the prior bad acts, and its refusal

adversely affected the outcome of the proceeding, as it allowed the jury to consider

inadmissible evidence in arriving at their verdicts." *Doc. No. 16*, at 1-2.  Petitioner's argument suggests that the trial court should have sua sponte granted a mistrial.  He identifies no authority for such a requirement, and the Court finds no authority for it.  His argument does not satisfy the rigorous standard necessary to establish cause.

Ineffective assistance of counsel may constitute cause for a procedural default, but the ineffective assistance claim *itself* must be independently raised and properly exhausted in the state courts.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) ("in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice") (citing *Murray*, 477 U.S. at 488-89).  Petitioner did raise ineffective assistance of counsel for failing to request a mistrial based on admission of the prior bad acts.  As previously discussed, the state courts reasonably determined that Petitioner suffered no prejudice as a result of counsel's failure to pursue the issue.  This Court concludes that counsel did not provide ineffective assistance of counsel in failing to raise the prior bad acts issue, therefore Petitioner has not established cause based on ineffective assistance of counsel.

Based on the pleadings, documents, and records filed in this case, the court finds that Petitioner has not established the existence of  any "objective factor external to the defense that prevented [him] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citing *Murray*, 477 U.S. at 488).  Petitioner has, therefore, failed to demonstrate cause for his failure to

present his claims to the state courts in compliance with applicable procedural rules.  Finally, even assuming Petitioner can show cause for his default of his federal claims, Petitioner has not shown the existence of actual prejudice emanating from infringement of federal law.  As previously discussed, Petitioner's counsel would not have prevailed on the prior bad acts claim, even if trial counsel had moved for a mistrial or appellate counsel had properly raised the issue.  Consequently, Petitioner cannot show cause or prejudice to excuse his defaulted claim.

### B.  Fundamental Miscarriage of Justice

Nevertheless, this court may still reach the merits of Petitioner's procedurally defaulted claim in order to prevent a fundamental miscarriage of justice.  Actual innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Schlup v. Delo*, 513 U.S. 298, 315 (1995).  The miscarriage of justice standard is directly linked to actual innocence.  *Id.* at 321.  In this context, a petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency.  *Bousley v. United States,* 523 U.S. 614, 623-24 (1998); *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001); *see also Schlup,* 513 U.S. at 324 (providing examples of new evidence such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial").  Actual innocence requires a petitioner to show that in light of the new evidence, "'it

29

is more likely than not that no reasonable juror would have convicted him.'" *Bousley,* 523 U.S. at 623 (quoting *Schlup*, 513 U.S. at 327-28); *see also House v. Bell,* 547 U.S. 518, 538 (2006). This standard is demanding, and such showings are available "only in the 'extraordinary' case." *House*, 547 U.S. at 538 (citations omitted).

Petitioner suggests his attorney should have moved for judgment of acquittal at the end of the State's case, *see Doc. No. 16* at 10, but he does not assert he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the court does not reach the merits of his defaulted claim. Petitioner simply presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claim is, therefore, foreclosed from federal habeas review.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Allen D. Bibbs be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before **February 24, 2015** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of February, 2015.


        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

31