IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLEN D. BIBBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:12-cv-141-WHA |
| | ) | |
| TONY PATTERSON, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #21), filed on February 10, 2015, and the Petitioner's Objection (labeled Response) (Doc. #22), filed on February 24, 2015. In addition to objecting to the Recommendation, the Response includes renewal of his request for an evidentiary hearing, which the Magistrate Judge did not grant. After an independent evaluation and *de novo* review of the file in this case, the court finds that no evidentiary hearing is warranted, and that request is DENIED. Further, the court makes the following findings:

First, Petitioner objects to the conclusion that he failed to show he is entitled to habeas relief on the claim that his counsel should have argued that under-representation of African Americans on his venire was due to systematic exclusion of the group in the number of driver licenses issued. *Doc. No. 22*, at 2; *Doc. No. 21*, at 11. Petitioner cites to new evidence to support his claim, evidence that he did not present to the Magistrate Judge or the state courts. He does not explain how this court has authority to consider the new evidence, and he does not attempt to explain why the determination of factual issues by the state court should not be

presumed correct under 28 U.S.C. § 2254(e).  His objection is not a basis for granting habeas relief on the issue.

Second, Petitioner objects to the conclusion that he failed to show he is entitled to habeas relief on the claim that his counsel should have challenged a juror removed for cause when the juror said Petitioner would not be responsible if he was consuming alcohol.  *Doc. No. 22*, at 3; *Doc. No. 21*, at 12-13.  Petitioner submits a new argument and evidence that the juror was one of several who commented on intoxication, yet she was the only one removed; and studies have shown African Americans, particularly those in the rural South, have different opinions and habits concerning alcohol consumption compared to Caucasians.  Petitioner further argues that if the juror had remained on the panel:

> studies show that there is a probability she would have had a different opinion about his alcohol consumption than everyone else on the panel; specifically she would have found that due to the Petitioner's intoxication, he would not have formed the intent necessary to commit the crime alleged, which would have lead to a different result: instead of a conviction, there would have been a hung jury.  Furthermore, according to the Petitioner's mother Diane Bibbs, the Petitioner's family has a history of bipolarism and split-personality disorder, and the petitioner was at one time prescribed Zoloft, a medication that is known for creating mental complications when combined with alcohol. These revelations are new as prior counsel never discovered them, or at least never spoke with petitioner's mother.

*Doc. No. 22*, at 3-4.  Again, Petitioner does not explain how this court may consider the new evidence in light of 28 U.S.C. § 2254(e), or how the argument provides a basis for altering the Magistrate Judge's prior analysis.

Third, Petitioner objects to the conclusion that he failed to show he is entitled to habeas relief on the claim that his counsel should have sought suppression of his statement to officers that he "had an incident with [his] wife last night."  *Doc. No. 22*, at 4; *Doc. No. 21*, at 14.  He argues that he was in custody and, contrary to the court's conclusion, his statements were not voluntary.  Petitioner adds that "the statement was not voluntary given the enhancement of his

intoxication as shown from the new revelations of his Zoloft usage and mental disorders." *Doc.No. 22*, at 4.  Petitioner does not explain how this court may consider the new evidence, *see* 28 U.S.C. § 2254(e), or show that the Magistrate Judge's conclusion was in error.

Regarding the other claims of alleged ineffective performance by counsel, Petitioner simply reasserts his prior arguments.  *Doc. No. 22*, at 4-6; *Doc. No. 21*, at 16-25.  He does not provide any persuasive argument or authority suggesting the Magistrate Judge's analysis was in error.

Finally, Petitioner objects to the conclusion that he failed to overcome his procedural default of the claim that the trial court should have granted a mistrial after the jury heard evidence of Petitioner's prior bad acts.  *Doc. No. 21*, at 25-30; *Doc. No. 22*, at 6-7.  He argues it was a fundamental miscarriage of justice not to order a mistrial based on the court's alleged error and the totality of his other claims, including:

> for example, the admission of a knife in the woods that had no other connection to the parties; the systematic removal of all African Americans from the jury venire and panel and anyone who might believe intoxication could excuse some actions; the lack of admonitions to the jury about voluntary intoxication as a defense; the new revelations about the Defendant's mental condition and medical history; the studies on racial views on alcohol; the studies of who has a valid driver's license by race; the fact that the same trial judge also denied the Rule 32 petition; potential black jurors were struck for visiting relatives in jail, when blacks are 5.6 times as likely to be imprisoned in Alabama than are whites (see http:www.sentencingproject.org/doc/publications/rd_stateratesofincbyraceandethnicity.pdf); Diane Bibbs, Petitioner's mother, says Bibbs was taken out of school in junior high because he had such mental problems and he would talk to himself and sleep with his eyes wide open and scream randomly and black out; his brother had been killed in 1997 subjecting him to further mental trauma.

*Doc. No. 22*, at 6-7.  Many of the claims Petitioner identifies in his cursory listing are new arguments not previously presented.  Even assuming the court can consider the "totality of the other issues," *id.* at 6, they do not meet the difficult standard to show that Petitioner's is the

"extraordinary case" warranting federal review of the defaulted claim.  *See House v. Bell*, 547 U.S. 518, 538 (2006) (quotation marks and citation omitted).

For the foregoing reasons, the court finds the objection to be without merit, and it is hereby OVERRULED.  The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

DONE this 17th day of March, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE